UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN BOSOWSKI, et al.,

    Plaintiffs,

v.                            CASE NO. 8:12-CV-1251-T-17AEP

E*TRADE SECURITIES, LLC,

    Defendants.

_____/

ORDER

This cause is before the Court on:

| Dkt. | |
|---|---|
| Dkt. 9 | Motion for Correction of Award |
| Dkt. 11 | Opposition |
| Dkt. 12 | Cross-Motion to Vacate Award in Part |
| Dkt. 16 | Response |
| Dkt. 18 | Motion for Leave to File Reply |
| Dkt. 19 | Reply |
| Dkt. 21 | Amended Petition for Confirmation of Award |
| Dkt. 22 | Motion for Hearing |
| Dkt. 25 | Response |
| Dkt. 26 | Joint Motion for Hearing |

This case was removed from Pinellas County Circuit Court on the basis of diversity jurisdiction. Plaintiffs have moved for a determination of attorney's fees due to Plaintiffs after entry of a final arbitration award. A final arbitration award was entered on May 7, 2012 in FINRA Case No. 11-02285. Plaintiffs filed a Petition for Court's Award of Attorney's Fees and For Other Relief, seeking confirmation of that portion of the Award determining entitlement to attorney's fees, for an award determining the amount of attorney's fees due in the underlying action, such interest as may be appropriate, to enforce the award against Defendant and other appropriate relief in the event Defendant objects to Plaintiffs' entitlement to the award of attorney's fees.

Case No. 8:12-CV-1251-T-17AEP

Pursuant to 9 U.S.C. Sec. 11(c) and Florida Statute s. 682.14, Plaintiffs also move to correct a scrivenor's error in the Award to add a reference to the Indiana Code in addition to the New Hampshire Uniform Securities Act in the section of the Award finding E*Trade liable to Plaintiffs to Plaintiffs and directing E*Trade to pay attorney's fees to Plaintiffs. The arbitrators found that E*Trade is liable for compensatory damages for violations of the N.H. Rev. Statutes 421-B and Indiana Code (Uniform Securities Act) 23-19. All Plaintiffs, except for Plaintiff Cacdac, are primary residents of the State of New Hampshire. Plaintiff Cacdac is a primary resident of the State of Indiana. Both Acts include provisions for a judgment or award of attorney's fees and costs against the person found to have violated the Acts.

Defendant E*Trade has filed a cross-motion to vacate arbitration award pursuant to 9 U.S.C. Sec. 10(a)(4). Defendant contends that the portion of the Award which awarded Plaintiff Cacdac legal fees under New Hampshire law should be vacated because in doing so the arbitrators exceeded their authority. Defendant argues that Plaintiff Cacdac did not appear at the final hearings to testify or to otherwise present his case, and the award of attorney's fees to Plaintiff Cacdac violates 9 U.S.C. Sec. 9.

Plaintiffs respond that Plaintiff Cacdac's claims were submitted to the arbitrators in the Statement of Claim, which includes a request for the determination of entitlement to attorneys' fees to be set by the Court after the arbitration proceedings. Plaintiffs further argue that claims for violation of the New Hampshire and Indiana Uniform Securities, among other causes of action, were argued and submitted to the arbitrators in Plaintiffs' Pre-Hearing Brief. Plaintiffs further argue that, during the Final Hearing, the arbitrators heard testimony from some of the Plaintiffs, but raised the concern that the testimony was becoming unnecessarily cumulative. Thereafter, Plaintiffs agreed to present only additional testimony that would add new information concerning the claims

Case No. 8:12-CV-1251-T-17AEP

of the parties under consideration. Plaintiffs argue that Defendant agreed to the arbitrators' decision of the merits of the claims of Plaintiff Cacdac without his testimony at the Final Hearing, and Plaintiffs relied on that agreement.

Plaintiffs seek the award of attorney's fees in connection the defense against Defendant's Cross-Motion because Defendant's Cross-Motion is without justification.

I. Correction of Scrivenor's Error in Award

The Award provides:

Respondent is found liable for violations of the N.H. Rev. Statutes 421-B and the Indiana Code (Uniform Securities Act) 23-19 and shall pay to Claimants compensatory damages as follows:

.......

To Claimant Cacdac; $40,000.00

.......

Respondent is found liable and shall pay to Claimants Q. Peter Nash, M. Nash, D. Nash, Nash Foundation, P. Clegg, Mitchell, Cacdac, Bosowski, Clegg and J. Clegg attorney's fees pursuant to N.H. Rev. Statutes 421-B in an amount to be determined by a court of competent jurisdiction......

Defendant E*Trade does not seek to vacate the award of compensatory damages to Plaintiff Cacdac. Defendant E*Trade argues that the Court should vacate the portion of the Award finding E*Trade liable and directing E*Trade to pay attorney's fees to Plaintiff Cacdac pursuant to N.H. Rev. Statutes 421-B because in doing so the arbitrators exceeded their authority. Defendant E*Trade argues that Plaintiff Cacdac did not testify at the Final Hearings and Plaintiff's claim was never presented to the arbitrators.

Case No. 8:12-CV-1251-T-17AEP

Plaintiff Cacdac's claim was presented to the arbitrators in the Statement of Claim and in the Pre-Hearing Brief. Plaintiff Cacdac did not withdraw his claim. Because the Award determines the award of compensatory damages to Plaintiff Cacdac, the Court finds that the arbitrators did not exceed their authority in awarding attorney's fees to Plaintiff Cacdac. The arbitrators recognized that the source of authority to award compensatory damages was Indiana Code (Uniform Securities Act) 23-19. The Court finds that the omission of a reference to the Indiana Code in the portion awarding attorney's fees to Plaintiff Cacdac was merely a scrivenor's error.

After consideration, the Court **grants** Plaintiff's Motion to Correct Award pursuant to 9 U.S.C. Sec. 11(c)(3) and Florida Statute 682.14 as follows:

> Respondent is found liable and shall pay to Claimants Q. Peter Nash, M. Nash, D. Nash, Nash Foundation, P. Clegg, Mitchell, Cacdac, Bosowski, Clegg and J. Clegg attorney's fees pursuant to N.H. Rev. Statutes 421-B and the Indiana Code (Uniform Securities Act) 23-19 in an amount to be determined by a court of competent jurisdiction.

The Court **denies** Defendant's Cross-Motion to Vacate Award.

II. Confirmation of the Award and Determination of Attorney's Fees

Plaintiffs have moved to confirm the part of the Award determining entitlement to attorney's fees, and have filed an Amended Petition seeking a determination of the amount of attorney's fees to be awarded to Plaintiffs. Defendants have filed their response contesting the amount of attorney's fees. The parties have moved for a hearing.

After consideration, the Court **grants** the Petition to Confirm the Award, as modified above. The Court **grants** the Amended Petition for Determination of

Case No. 8:12-CV-1251-T-17AEP

Attorney's Fees to the extent that the Petition is **referred** to the assigned Magistrate Judge to conduct an evidentiary hearing and for a Report and Recommendation. The Motion for Hearing and Joint Motion for Hearing are **granted** and the assigned Magistrate Judge will schedule a hearing. Accordingly, it is

ORDERED that the Motion to Correct Award (Dkt. 9) is **granted**, as set forth above, and the Cross-Motion to Vacate Award (Dkt. 12) is **denied**; it is further

ORDERED that the Motion for Leave to File Reply is **denied as moot**; it is further

ORDERED that the Amended Petition for Confirmation of Award as modified is **granted**; the Court **reserves jurisdiction** to determine the amount of attorney's fees due to Plaintiffs. The Amended Petition for Determination of Attorney's Fees is **granted and referred** to the assigned Magistrate Judge to conduct an evidentiary hearing and for a Report and Recommendation. The Motion for Hearing (Dkt. 22) and Joint Motion for Hearing (Dkt. 26) are **granted**; the assigned Magistrate Judge will schedule a hearing when practicable.

DONE and ORDERED in Chambers, in Tampa, Florida on this 12th day of March, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Case No. 8:12-CV-1251-T-17AEP